Vermont Superior Court
Filed 04/28/26
Washington Unit

VERMONT SUPERIOR COURT
Washington Unit
65 State Street
Montpelier VT 05602
802-828-2091
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 26-CV-00437

---

**Farm Credit East, ACA v. Rubi Gemmell et al**

---

## ENTRY REGARDING MOTION

Title:        Motion to Reconsider Court's Order Regarding Foreclosure Mediation (Motion: 3)
Filer:        Madison P. Prokott
Filed Date:   March 27, 2026

The motion is GRANTED.

The present motion poses a unique dilemma for the Court.  Defendant in this matter has sought an order mandating Foreclosure Mediation.  Plaintiff has demonstrated, and Defendants concede that the triggers for such a mediation referral are not present here.  See 12 V.S.A. § 4631(b) (outlining the provisions needed to trigger foreclosure mediation).

Breaking the parties' positions down further, Plaintiff argues that it is not obligated to conduct such mediation as it is not subject to any government loss mitigation programs, and it has already conducted extensive loss mitigation conversations with Defendant prior to initiating the present action.  12 V.S.A. § 4631(b).  Defendant does not dispute these representations, but she contends that her situation has changed.  She has poured tens of thousands of dollars into the property, and she is now in a different financial position from when the parties first negotiated.

Foreclosures are odd Chimeras.  They are creatures of law as demonstrated in the foreclosure statutes of Title 12, the secured transactions provisions of Title 9A, and contract law. They are also beasts of equity, and trial courts engaged in such proceedings have long been instructed to consider the equities of the situation.  *Cenlar FSB v. Malenfant*, 2016 VT 93, at ¶ 19, n.5.  As *Cenlar* instructs, however, the Court is to use equitable considerations for the equitable parts of the case and legal principles for the legal portions.

In this case, foreclosure mediation is a statutory-created and -driven practice.  It was enacted for a specific purpose, which notwithstanding its name, is less of traditional shuttle negotiation, and is more focused on ensuring that lenders consider loss mitigation and reinstatement options before foreclosing.  12 V.S.A. § 4632.  In this case, the Court finds little compelling basis to compel the parties to follow this statutory framework.  Plaintiff does not have access to the government-sponsored programs to be utilized, and there is evidence that remediation and work-out options have already been discussed at length.  For these reasons, the Court finds that Plaintiff has established good cause not to order foreclosure mediation, and the Court **vacates** its earlier order.

At the same time, Defendant's point is that her situation has changed, and there is new information to share. Given that foreclosure is an equitable remedy, it would seem inappropriate to simply shuffle Defendant to the court and ignore the new information that could alter the trajectory of the remedy. The Court, in this respect, is cognizant that Plaintiff ultimately wants to secure payment, and Defendant wants to save her ownership. If there is information that could allow this to happen, then it would seem in both parties' interest in exchanging this information.

To that end, the Court directs counsel for both parties to conduct at least two consultations, either in-person or by telephone/zoom where they can review the new information and share responses from their respective clients. The Court will give the parties 20 days to have these sessions. The Court will schedule a status conference at the end of this 20-day period, and the parties can report either progress or timeline for next steps under V.R.C.P. 80.1.

The Court's prior Order staying the matter and referring the parties to Foreclosure Mediation is **Vacated** and of no further effect.

**So Ordered.**

Electronically signed on 4/27/2026 11:56 AM pursuant to V.R.E.F. 9(d)

_____
Daniel P. Richardson
Superior Court Judge